**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-0195 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAVEREA COCKERM | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion to reduce sentence pursuant to Amendment 821 to the United States Sentencing Guidelines [Record Document 52] filed by Defendant Javerea Cockerm ("Cockerm"). The Government did not respond to Cockerm's motion. For the reasons set forth below, Cockerm's motion [Record Document 52] is **DENIED**.

## Background

On May 19, 2021, Cockerm pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Record Document 1. In the presentence investigation report ("PSR"), Cockerm began with a base offense level of twenty-two. Record Document 50 at 5. He received a four-level addition for specific offense characteristics but a three-level deduction for acceptance of responsibility—leaving Cockerm with a total offense level of twenty-three. *Id.* at 6-7. Cockerm began with ten criminal history points. *Id.* at 11. He received two additional points pursuant to U.S.S.G. § 4A1.1(d) because he committed the offense while under a criminal justice sentence— bringing Cockerm to a total of twelve criminal history points and criminal history category of V. *Id.* Accordingly, Cockerm's Sentencing Guideline range was 84 to 105 months. *Id.* at 14. The Court sentenced Cockerm to 84 months imprisonment, to run consecutively

with the state parole revocation previously imposed by state court, and three years of supervised release. Record Document 48 at 2.

On July 1, 2024, Cockerm filed the instant motion. In his motion, Cockerm contends he is eligible for a reduction of sentence based on United States Sentencing Commission Amendment 821 ("Amendment 821") regarding status points under § 4A1.1(e) of the Sentencing Guidelines. Cockerm also briefly contends that his charge under 18 U.S.C. § 922(g) "be removed from being enforced upon [him.]" Record Document 52 at 1. The United States Probation Office filed a retroactivity report in response to Cockerm's motion that indicates Cockerm is not eligible for a reduction of sentence based on Amendment 821. Record Document 54. Cockerm responded to the retroactivity report, not contesting that he is eligible for relief, but raising the 2024 Youthful Offender Amendment to the Sentencing Guidelines. Record Document 56. Cockerm argues that because he was twenty-one at the time of his criminal offense, his sentence should be recalculated. *Id.*

## Law & Analysis

### I.    Amendment 821

In 2023, the United States Sentencing Commission passed Amendment 821, which became effective November 1, 2023. Amendment 821 changes whether, and how many, status points defendants receive for committing an offense while under a criminal justice sentence. Prior to the amendment, all defendants received two (2) status points if they committed the charged offense "while under any criminal justice sentence, including probation, parole, supervised release, work release, or escape status." U.S.S.G. § 4A1.1

(U.S. Sent'g Comm'n 2021). Under Amendment 821, a criminal defendant receives just one (1) status point if they committed the charged offense "while under any criminal justice sentence, including probation, parole, supervised release, work release, or escape status" *and* have at least seven criminal history points. The Sentencing Commission designated Amendment 821 as retroactive.

The Supreme Court of the United States has provided a two-step analysis for courts applying retroactive Guideline amendments:

> (1) determine the defendant's eligibility for sentence modification and determine what amended guideline range would have been applicable to the defendant;

> (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted in whole or in part under the particular circumstances of the case.

*Dillon v. United States*, 560 U.S. 817 (2010). Therefore, the Court begins by determining whether Cockerm is eligible for a sentence reduction. It finds that he is not.

As originally calculated, Cockerm had ten criminal history points, plus two (2) status points for committing the crime while under a criminal justice sentence, for a total of twelve criminal history points. His twelve criminal history points converted to a criminal history category of V and a Guideline range of 84 to 105 months. Under Amendment 821, Cockerm would begin with his ten criminal history points. He would still receive one (1) status point because he committed the offense while under a criminal justice sentence *and* had at least seven criminal history points, for a total of eleven criminal history points. This means that even applying Amendment 821, Cockerm has a history category of V, and Guideline range of 84 to 105 months. Amendment 821 does not affect Cockerm's

3

criminal history category nor Guideline range. Accordingly, Cockerm is not entitled to a reduction of sentence.

## II.    Reference to *Bruen*

In the instant motion, Cockerm also cites to the United States Supreme Court decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and states that the Court should not enforce his conviction under 18 U.S.C. § 922(g). Record Document 52 at 1. Cockerm is a *pro se* prisoner, and as such, his filings are "entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). However, the Court declines to interpret Cockrem's brief reference to *Bruen* in his motion pursuant to Amendment 821 as an additional claim seeking habeas relief under 28 U.S.C. § 2255.

The Court will not construe Cockerm's brief reference to *Bruen* as a claim for relief under § 2255 because any such challenge would be denied as untimely. Section 2255 motions are subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f).

Cockerm did not submit this filing [Record Document 52] within the one-year period. Cockerm's judgment of conviction was entered into the record on September 14, 2021, and became final on September 28, 2021. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that if a defendant does not file a direct appeal of their conviction, the judgment becomes final when the time to file an appeal expires); Fed. R. App. P. 4(b) (allowing fourteen days from the entry of judgment for a criminal defendant to file a notice of appeal). Unless another provision of § 2255(f) applied, Cockerm's one-year period to file his § 2255 motion expired in September 2021.

And Cockerm cannot circumvent the one-year bar. There is no evidence that there were any impediments to his making a motion nor that there are new facts that have arisen supporting his claim. Even assuming *Bruen* announced a newly recognized right that was made retroactively applicable on collateral review,[1] his motion would still be untimely because he did not file within one year of the *Bruen* decision. *See Taylor v. United States*, No. 20-483, 2024 WL 4341556, at *2 (N.D. Tex. Sept. 26, 2024). *Bruen* was decided on June 23, 2022; Cockrem's motion was filed nearly two years later on July 1, 2024. The Court is "mindful that dismissing a first § 2255 motion ... is a 'particularly serious matter.'" *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000). Given

---

[1] Other district courts in this circuit have found that *Bruen* did *not* announce a new rule that was retroactively applicable to cases on collateral review. *See, e.g., Kraut v. United States*, 18-462, 2024 WL 4544122, at *2 (N.D. Tex. Oct. 22, 2024).

that seriousness, the Court declines to interpret Cockerm's brief mention of *Bruen* as a motion for relief under § 2255 just to deny that motion as untimely.

### III. Youthful Offender Amendment

Finally, in Cockerm's response to the retroactivity report, he raises the 2024 Youthful Offender Amendment to the Sentencing Guidelines and requests his sentence be recalculated. The Youthful Offender Amendment amends § 5H1.1 to provide that, at sentencing, a "downward departure may be warranted due to the defendant's youthfulness at the time of the prior offenses." The Sentencing Commission has not made the Youthful Offender Amendment retroactive. Therefore, Cockerm is not entitled to request a recalculation of his sentence based on the Guideline change.[2]

### Conclusion

For the reasons assigned herein, Cockerm's motion to reduce sentence pursuant to Amendment 821 [Record Document 52] is hereby **DENIED**.

**THUS DONE AND SIGNED** this 11th day of December, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[2] A defendant may request a recalculation of their sentence for reasons other than a Guideline change through 18 U.S.C. § 3582(c)(1)(A). However, to be eligible for relief under the statute, the defendant must show that "extraordinary and compelling reasons warrant such a reduction." *Id.*